IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-CT-3118-FL

| | |
|---|---|
| THOMAS PATTEN, LESLIE TEACHEY, RYAN TURNER, BUDDAH VICTORIA, CHRIS YERRY, STUART GAIDOSH, DONNIE IVEY, SCOTT IVEY, TJ LOCKLEAR, PHILLIP JARMAN, XAVIER MOORE, GARY PARKER, JAMEY LEE DOWLESS, BRYAN CRUMP, JR., JEREMY CLINE, DEXTER BROWN, JOSHUA BOYKIN, MARCELL ALSBROOK, STEVIE WILLIAMS, DONALD MORRISEY, PAUL BARTON, LEROY HUNT, and CEDRIC WILLIAMS, Plaintiffs, v. THE NORTH CAROLINA DEPARTMENT OF PUBLIC SAFETY, FRANK L. PERRY, LAFAYETTE HALL, JEFFREY MARKS, ANTHONY JACKSON, DAVID JONES, CAPTAIN JONES, SERGEANT WILSON, SERGEANT OUTLAW, LIEUTENANT BERNIE, LIEUTENANT HOLLAND, OFFICER HUDSON, OFFICER MURPHY, OFFICER BRITT, OFFICER WARD, and OFFICER SANCHEZ, Defendants. | ORDER |

Plaintiff, through counsel, filed this civil rights action pursuant to 42 U.S.C. § 1983. The matter comes before the court on plaintiffs' motion for reconsideration (DE 36) of the court's June 11, 2015, order dismissing the North Carolina Department of Public Safety ("DPS") from this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Pursuant to Rule 54(b), in the absence of an express order directing final judgment as to certain claims or parties:

> [A]ny order or other decision, however designated, that adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). Under this rule, "a district court retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments, at any time prior to final judgment when such is warranted." Am. Canoe Ass'n, 326 F.3d 505, 514-515 (4th Cir. 2003) (citing Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1469 (4th Cir. 1991)).

"Motions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment." Id. at 514. Rather, the resolution of such motions is "committed to the discretion of the district court." Id. at 515. As a means of guiding that discretion, courts have looked to "doctrines such as law of the case," under which a prior dispositive order must be followed unless "(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice." Id. (quoting Sejman v. Warner-Lambert Co., Inc., 845 F.2d 66, 69 (4th Cir. 1988)).

In their motion, plaintiffs seek reinstatement of DPS as a defendant on the grounds that their claim for prospective injunctive relief is not barred by Eleventh Amendment sovereign immunity and because the state of North Carolina may have waived its immunity through the purchase of liability insurance. Plaintiffs assert that they need the opportunity to engage in discovery to determine whether DPS is a proper party. For good cause shown, the court GRANTS plaintiff's

motion for reconsideration (DE 36) to allow plaintiffs to engage in discovery to determine whether they have a viable claim against DPS.  See Ex Parte Young, 209 U.S. 123, 159 (1907) (enjoining enforcement of a State statute found to violate the U.S. Constitution); Antrican v. Odom, 290 F.3d 178, 184 ("The Ex Parte Young exception to Eleventh Amendment immunity is designed to preserve the constitutional structure established by the Supremacy Clause. Thus, it allows private citizens, in proper cases, to petition a federal court to enjoin State officials in their official capacities from engaging in future conduct that would violate the Constitution or a federal statute.").  The clerk of court is DIRECTED to reinstate DPS as a defendant in this action.  Nothing in this court's order prevents defendants from seeking dismissal of DPS at a later date.

SO ORDERED, this the 12th day of August, 2015.

LOUISE W. FLANAGAN
United States District Judge

3