IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-CT-3118-FL

| | |
|---|---|
| THOMAS PATTEN, LESLIE TEACHEY, RYAN TURNER, BUDDAH VICTORIA, CHRIS YERRY, STUART GAIDOSH, DONNIE IVEY, SCOTT IVEY, TJ LOCKLEAR, PHILLIP JARMAN, XAVIER MOORE, GARY PARKER, JAMEY LEE DOWLESS, BRYAN CRUMP, JR., JEREMY CLINE, DEXTER BROWN, JOSHUA BOYKIN, MARCELL ALSBROOK, STEVIE WILLIAMS, DONALD MORRISEY, PAUL BARTON, LEROY HUNT, ADEMAR MARTINEZ, JOHNNY FAISON, and CEDRIC WILLIAMS, Plaintiffs, v. THE NORTH CAROLINA DEPARTMENT OF PUBLIC SAFETY, FRANK L. PERRY, LAFAYETTE HALL, JEFFREY MARKS, ANTHONY JACKSON, DAVID JONES, KENNETH N. JONES JR., SERGEANT WILSON, HENRY OUTLAW, CLEMENT BURNEY, CHARLES HOLLAND, OFFICER HUDSON, EUGENE MURPHY, RONNIE BRITT, WILLIAM M. WARD, and NELSON SANCHEZ,[1] Defendants. | ORDER |

---

[1] Plaintiffs updated defendants' names in their amended complaint as follows: Captain Jones is Kenneth N. Jones Jr.; Sergeant Outlaw is Henry Outlaw; Lieutenant Bernie is Clement Burney; Lieutenant Holland is Charles Holland; Officer Murphy is Eugene Murphy; Officer Britt is Ronnie Britt; Officer Ward is William M. Ward; and Officer Sanchez is Nelson Sanchez. The clerk of court is DIRECTED to update the court's caption to reflect such changes.

The matter now comes before the court on defendants' respective motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) (DE 65, 67). In response, plaintiffs filed two motions for voluntary dismissal (DE 73, 75). Also before the court is defendant's motion to dismiss (DE 93) pursuant to Federal Rule of Civil Procedure 12(b)(5). In this posture, the issues raised have been fully briefed and are ripe for adjudication.

## BACKGROUND

On May 29, 2015, plaintiffs, acting through counsel, brought this civil rights action pursuant to 42 U.S.C. § 1983 against defendants Frank L. Perry ("Perry"), the North Carolina Department of Public Safety ("DPS"), Lafayette Hall ("Hall"), Jeffrey Marks ("Marks"), Anthony Jackson ("Jackson"), David Jones ("D. Jones"), Kenneth N. Jones Jr. ("K. Jones"), Sergeant Wilson ("Wilson"), Henry Outlaw ("Outlaw"), Clement Burney ("Burney"), Charles Holland ("Holland"), Officer Hudson ("Hudson"), Eugene Murphy ("Murphy"), Ronnie Britt ("Britt"), William M. Ward ("Ward"), and Nelson Sanchez ("Sanchez"). On June 11, 2015, the court conducted a frivolity review of plaintiffs' complaint. The court dismissed plaintiffs' action against DPS finding that DPS was immune from suit pursuant to the Eleventh Amendment to the United States Constitution. The court allowed plaintiffs to proceed with the remainder of his action.

On August 10, 2015, plaintiffs filed a notice of appeal and a motion to reconsider the court's dismissal of DPS from this action. On August 12, 2015, the court entered an order granting plaintiffs' motion for reconsideration so that plaintiffs could have the opportunity to engage in discovery to determine whether they have a viable claim against DPS. Plaintiffs subsequently voluntarily dismissed their appeal.

2

On September 2, 2015, plaintiffs filed an amended complaint and alleged the following claims: (1) violations of 18 U.S.C. § 1962(c) against defendants Jackson, D. Jones, Hudson, Murphy, Britt, Ward, and Sanchez; (2) constructive fraud against all defendants; (3) civil conspiracy against defendants Jackson, D. Jones, Hudson, Murphy, Britt, Ward, and Sanchez; (4) denial of access to courts in violation of the First Amendment to the United States Constitution against defendants DPS and Perry; (5) intentional and negligent infliction of emotional distress against defendants Jackson, D. Jones, Hudson, Murphy, Britt, Ward, and Sanchez; (6) violations of 42 U.S.C. §§ 1983, 1985, and 1988 as well as the First, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution against defendants DPS, Jackson, D. Jones, Hudson, Murphy, Britt, Ward, Sanchez, K. Jones, Wilson, Outlaw, Burney, Holland, Hall, Marks, and Perry; (7) negligent employment and supervision against defendants DPS, K. Jones, Wilson, Outlaw, Burney, Holland, Hall, Marks, and Perry; (8) negligence by private contractors against unknown defendant medical contractors; and (9) punitive damages pursuant to 42 U.S.C. § 1983 against defendant Jackson and D. Jones in their individual capacities only.

On October 7, 2015, the summons issued to defendants Hudson and Wilson were returned unexecuted. The court subsequently granted defendants an extension of time, until February 6, 2016, to obtain service on these defendants in accordance with Federal Rule of Civil Procedure 4(m). The United States Marshals Service re-issued summons on October 16, 2015. Plaintiffs, however, did not obtain service on defendants Hudson or Wilson

On December 15, 2015, defendants DPS and Perry filed the instant motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) alleging that plaintiffs failed to state a claim against them. In response, plaintiffs filed the instant motions to voluntarily dismiss

3

defendants DPS and Perry from this action without prejudice pursuant to Federal Rule of Civil Procedure 42(a)(2).

On February 19, 2016, defendant Marks filed the instant motion to dismiss plaintiffs' action against him for improper service of process pursuant to Federal Rule of Civil Procedure 12(b)(5).

On March 17, 2016, the clerk of court issued a notice to plaintiffs stating that plaintiffs failed to make service on defendants Hudson or Wilson within 120 days as required by Rule 4(m). Plaintiffs did not respond.

**DISCUSSION**

A.   Plaintiffs' Motions to Voluntarily Dismiss Defendants DPS and Perry

Plaintiffs seek to voluntarily dismiss defendants DPS and Perry from this action pursuant to Federal Rule of Civil Procedure 41(a). An action may be dismissed voluntarily by a plaintiff without order of the court by filing a notice of dismissal at any time before service by the adverse party of an answer or a motion for summary judgment. See Fed. R. Civ. P. 41(a)(1). Otherwise an action shall not be dismissed on the plaintiffs' request except upon an order of the court. See Fed. R. Civ. P. 41(a)(2).

DPS and Perry have answered plaintiffs' complaint. Accordingly, they may only be voluntarily dismissed from this action pursuant to Rule 41(a)(2), which permits voluntary dismissal "on terms the court considers proper." A plaintiff's motion under Rule 41(a)(2) should not be denied absent substantial prejudice to the defendant. S.A. Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986). To establish plain legal prejudice, a defendant must show some harm other than the mere prospect of a second lawsuit. See Ellett Bros., Inc. v. United States Fidelity & Guar. Co., 275 F.3d 384, 387-389 (4th Cir. 2001).

4

Under appropriate circumstances, a district court may dismiss an action under Rule 41(a)(2) with prejudice. See Choice Hotels Int'l Inc.v. Goodwin and Boone, 11 F.3d 469, 471 (4th Cir. 1993). In deciding a Rule 41(a) motion, the court considers "the opposing party's effort and expense in preparing for trial, excessive delay and lack of diligence on the part of the movant, . . . insufficient explanation of the need for a voluntary dismissal, as well as the present state of the litigation." Howard v. Inova Health Care Servs., 302 F. App'x 166, 178–79 (4th Cir. 2008) (per curiam); Hobbs v.Kroger Co., 175 F.3d 1014, 1014 (4th Cir. 1999). This four-factor inquiry, however, is not exclusive. Rather, depending on the circumstances of the case, the court should consider any other relevant factors. Hobbs, 175 F.3d at 1014 (citing Ohlander v. Larson, 114 F.3d 1531, 1537 (10th Cir. 1997)).

Here, the court recognizes that defendants have incurred expenses in filing their respective motions for judgment on the pleadings. However, plaintiffs have moved to dismiss defendants DPS and Perry from this action before the commencement of discovery or the filing of a motion for summary judgment. Cf. Howard, 302 F. App'x at 179–80 ("[A] district court does not abuse its discretion in denying a motion for voluntary dismissal if the case has advanced to the summary judgment stage and the parties have incurred substantial costs in discovery.") Additionally, this action is in its beginning stages and is not on the eve of trial. Accordingly, there is no excessive delay, and plaintiffs have acted with diligence in requesting a dismissal at this early stage in the proceedings. Should plaintiffs seek to later pursue a claim against defendants DPS or Perry, these defendants may utilize the arguments in their current motions for judgment on the pleadings without duplication of time and resources. Moreover, plaintiffs have provided a sufficient explanation of the need for a voluntary dismissal. Therefore, after weighing the above-stated factors, the court

5

finds dismissal of defendants DPS and Perry without prejudice is appropriate. Because DPS and Perry are dismissed from this action, their respective pending motions for judgment on the pleadings are DENIED as MOOT.

B.     Defendant Marks' Motion to Dismiss

Marks asserts that he should be dismissed from this action pursuant to Federal Rule of Civil Procedure 12(b)(5) because plaintiffs failed to effectuate proper service of process in accordance with Federal Rule of Civil Procedure 4. Proper service of process (or waiver of service under Fed. R. Civ. P. 4(d)) is necessary for the court to exercise personal jurisdiction over a defendant. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999). Under Rule 4(m), if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court must dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time, unless the plaintiff can show good cause. Fed. R. Civ. P. 4(m).[2]

Rule 4(e)(1) permits a plaintiff to serve individual defendants "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . . ." Fed. R. Civ. P. 4(e)(1). The North Carolina Rules of Civil Procedure permit service "[b]y delivering a copy of the summons and of the complaint to the natural person or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein." N.C. Gen. Stat. § 1A-1, N.C. R. Civ. P. 4(j)(1)(a). The filing of an affidavit consistent with N.C.G.S. § 1-75.10 raises a rebuttable presumption of valid service consistent with North Carolina Rule of Civil

---

[2] Federal Rule of Civil Procedure 4(m) was amended on December 1, 2015, to shorten the time to accomplish service from a period of 120 days to 90 days. See Fed. R. Civ. P. 4.

6

Procedure 4. Moore v. Cox, 341 F. Supp. 2d 570, 573 (M.D.N.C. 2004). "Under North Carolina law, this rebuttable presumption is not easily overcome. To rebut, a defendant must provide 'affidavits of more than one person showing unequivocally that proper service was not made upon the person of the defendant.'" Moore, 341 F. Supp. 2d at 573 (quoting Grimsley v. Nelson, 342 N.C. 542, 545, 467 S.E.2d 92, 94 (1996)).

Here, Marks has not shown that service was improper. On January 12, 2016, plaintiffs filed an affidavit of service executed by the process server, Todd Bowling, stating that he personally served Marks at his residence on November 1, 2015. See (DE 80). Marks has presented only his individual affidavit challenging the service, not the affidavits of more than one person. (Def.'s Mot. to Dismiss (DE 93), Ex. A.) Because Marks has not overcome the presumption of valid service under North Carolina law, the court denies his motion to dismiss without prejudice.

C.  Failure to Obtain Service Upon Defendants Hudson and Wilson

Plaintiffs failed to obtain service upon defendants Hudson or Wilson within the 120 day time period provided by Federal Rule of Civil Procedure 4(m). On March 17, 2016, the clerk of court issued an order directing plaintiffs to show cause as to why these defendants should not be dismissed without prejudice pursuant to Rule 4(m). Plaintiffs were cautioned that failure to respond to the March 17, 2016, order within 14 days would result in dismissal of their claims against defendants Hudson and Wilson without prejudice. The 14-day time period has lapsed without response from plaintiffs. Thus, plaintiffs' action against defendants Hudson and Wilson is DISMISSED without prejudice.

7

D. Defendant Jackson

The docket in this action indicates that defendant Jackson has not filed a responsive pleading within the appropriate time period. Plaintiffs are directed to proceed in accordance with Federal Rule of Civil Procedure 55(a). If no steps are taken within 21 days of receipt of this notice, the court will require plaintiffs to show cause why this action should not be dismissed as to defendant Jackson without prejudice for failure to prosecute.

## CONCLUSION

For the foregoing reasons, the court rules as follows:

(1) Plaintiffs' motions for voluntary dismissal (DE 73, 75) are GRANTED, and defendants DPS and Perry are dismissed from this action without prejudice;

(2) Because the court allowed plaintiffs to voluntarily dismiss defendants DPS and Perry from this action, their motions for judgment on the pleadings (DE 65, 67) are DENIED as MOOT;

(3) Defendant Marks' motion to dismiss (DE 93) is DENIED;

(4) Plaintiffs' action against defendants Hudson and Wilson is DISMISSED without prejudice pursuant to Rule 4(m);

(5) Plaintiffs are DIRECTED to comply with the court's instructions regarding defendant Jackson within 21 days;

(6) The clerk of court is DIRECTED to amend the court's caption to reflect the changes indicated in footnote 1.

SO ORDERED, this the 20th day of April, 2016.

_____
LOUISE W. FLANAGAN
United States District Judge