IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:15-CT-3118-FL

| | |
|---|---|
| THOMAS PATTEN, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )    **O R D E R** |
| | ) |
| LAFAYETTE HALL, et al., | ) |
| | ) |
| Defendants. | ) |

This matter is before the court on two discovery-related motions: (1) Plaintiffs' motion to compel [DE-117], to which Defendants Ronnie Britt, Clement Burney, Lafayette Hall, Charles Holland, Kenneth Jones, Jeffery Marks, Eugene Murphy, Henry Outlaw, Nelson Sanchez, and William M. Ward (collectively "Defendants") filed a response [DE-125], Plaintiffs filed a reply [DE-126], and Defendants filed a sur-reply at the direction of the court [DE-132]; and (2) Defendants' motion to compel [DE-136], to which Plaintiffs filed a response [DE-144]. The issues have been fully briefed, and the motions are ripe for decision. For the reasons that follow, Plaintiffs' motion is allowed in part and denied in part and Defendants' motion is denied.

## I. BACKGROUND

Plaintiffs, who were inmates in the custody of the State of North Carolina and were housed at Sampson County Correctional, filed this action alleging claims for violation of 18 U.S.C. § 1962(c), 42 U.S.C. §§ 1983, 1985, and 1988, and the First, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, constructive fraud, civil conspiracy, intentional and negligent infliction of emotional distress, negligent employment and supervision, negligence, and punitive damages. [DE-45]. Plaintiffs allege that Defendants Anthony Jackson,

David Jones, Officer Hudson, Eugene Murphy, Ronnie Britt, William M. Ward, and Nelson Sanchez conspired to systematically abuse and humiliate Plaintiffs in order to intimidate them for the purpose of gaining their compliance smuggling contraband into the prison. *Id.* Plaintiffs alleged that Defendants Kenneth N. Jones Jr., Sergeant Wilson, Henry Outlaw, Clement Burney, Charles Holland, Warden Lafayette Hall, and Jeffery Marks were aware or should have been aware of the conduct. *Id.*

The court initially set a discovery deadline of June 7, 2017 [DE-104], which it later extended to September 8, 2017 [DE-114]. A further extension of the discovery deadline until October 8, 2017, was allowed for the limited purpose of conducting depositions. [DE-128, -131]. On April 30, 2017, Plaintiffs served their First Set of Interrogatories and Requests for Production of Documents. [DE-117-1, -117-2]. Defendants, after receiving an extension [DE-116], responded on June 30, 2017. [DE-118-1]. Defendant Jackson did not respond to the discovery requests.[1] [DE-117]. Plaintiffs filed the instant motion to compel on August 10, 2017, asserting that Defendants' responses were deficient in several respects. *Id.* On August 10, 2017, Defendants served their First Set of Interrogatories and Requests for Production of Documents. [DE-136-1]. Plaintiffs did not respond to the discovery requests, and Defendants filed the instant motion to compel on November 9, 2017. [DE-137].

## II. STANDARD OF REVIEW

The Federal Rules of Civil Procedure enable parties to obtain information by serving requests for discovery on each other, including interrogatories and requests for production of

---

[1] Default was entered against Jackson on June 3, 2016. [DE-107].

documents. *See generally* Fed. R. Civ. P. 26–37. Rule 26 provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Rule 37 of the Federal Rules of Civil Procedure provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if a party fails to answer an interrogatory under Rule 33 or fails to produce or make available for inspection requested documents under Rule 34. Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). For purposes of a motion to compel, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). However, the Federal Rules also provide that

> the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C). Additionally, "the court has 'substantial discretion' to grant or deny motions to compel discovery." *English v. Johns*, No. 5:11-CT-3206-D, 2014 WL 555661, at *4 (E.D.N.C. Feb. 11, 2014) (quoting *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43

3

F.3d 922, 929 (4th Cir. 1995)). Finally, the party seeking the court's protection from responding to discovery must make a particularized showing of why discovery should be denied, and conclusory or generalized statements fail to satisfy this burden as a matter of law. *See Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 402–03 (4th Cir. 2003); *see also Silicon Knights, Inc. v. Epic Games, Inc.*, 917 F. Supp. 2d 503, 533 (E.D.N.C. 2012) (allowing motion to compel where, among other things, the responding party relied on boilerplate objections and "failed to articulate any specific objection to any particular interrogatory or request for production, and therefore has waived any legitimate objection it otherwise could have raised.") (citation omitted); *Mainstreet Collection v. Kirkland's, Inc.*, 270 F.R.D. 238, 240 (E.D.N.C. 2010) (recognizing that boilerplate objections are not proper); *Hy–Ko Prods. Co. v. Hillman Group, Inc.*, No. 5:09-MC-32, 2009 WL 3258603, at *2 (E.D.N.C. Oct. 8, 2009) ("In the usual instance, objections to discovery which simply recite stock phrases are not colorable. Generally, the mere cry of burdensomeness or irrelevance without any statement in support of these objections is disfavored by the court.").

## III. DISCUSSION

### A. Plaintiffs' Motion to Compel [DE-117]

Plaintiffs seek an order compelling Defendants Britt, Burney, Hall, Holland, K. Jones, Marks, Murphy, Outlaw, Sanchez, Ward, and Jackson to fully respond to Plaintiffs' First Set of Interrogatories and Requests for Production. [DE-117]. Plaintiffs contend that Defendants Britt, Burney, Hall, Holland, Kenneth Jones, Marks, Murphy, Outlaw, Sanchez, and Ward provided incomplete or unresponsive answers by asserting general objections without citing the grounds, asserting improper grounds, failing to provide a privilege log, asserting a reservation of the right

to supplement but providing no subsequent supplementation, providing inadequate answers to interrogatories, and providing no responsive documents. [DE-118] ¶ 4. Plaintiffs' counsel, by letter of June 29, 2017, informed Defendants' counsel of the perceived deficiencies and suggested a phone conference to discuss the issues. [DE-117-3]. Defendants' counsel did not respond,[2] and Plaintiffs filed the instant motion on August 24, 2017.[3] [DE-118] ¶ 7.

In response to Plaintiffs' motion, Defendants indicated they had supplemented their responses and asked the court to deny Plaintiffs' motion as moot. [DE-125]. In a reply, filed without leave of court,[4] Plaintiffs indicated that Defendants' supplementations provided no additional substantive information in response to the interrogatories and no documents were produced. [DE-126]. Defendants filed a sur-reply, as directed by the court, indicating that the North Carolina Department of Public Safety ("DPS") produced 10,312 pages of documents and 270 cellular telephones in response to a Rule 30(b)(6) request, and that this production, along with Defendants' supplementation, are completely responsive to the discovery requests. [DE-132]. The supplemental responses were not provided to the court for consideration. To the extent Defendants attempt to rely on the DPS production to satisfy any part of their obligation to respond to Plaintiffs' interrogatories, they have failed to meet the requirements under the Federal Rules.

---

[2] "Counsel must [] certify that there has been a good faith effort to resolve discovery disputes prior to the filing of any discovery motions." Local Civil Rule 7.1(c)(2); Fed. R. Civ. P. 37(a)(1). This is not a unilateral obligation resting solely with counsel for the movant. "[T]he purpose underlying the good faith certification in Local Civil Rule 7.1(c) is to attempt to obviate the need to file a motion to compel through good faith communication," which promotes "the orderly resolution of discovery disputes." *Lloyd v. New Hanover Reg'l Med. Ctr.*, No. 7:06-CV-130-D, 2009 WL 674394, at *1 (E.D.N.C. Mar. 11, 2009). To effectuate the purpose of the rule requires counsel to communicate, i.e., for opposing counsel to respond and engage in a good faith effort to resolve the disputes.

[3] For future reference, the Case Management Order entered in this case requires that "[p]rior to any filing [of any motion to compel], the complaining party shall convene a conference among the parties and this court by telephone through the office of the case manager . . . ." [DE-104] § II.D.

[4] Replies are not permitted in discovery disputes. Local Civil Rule 7.1(g)(2), 26.1(d)(3).

> If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:
>
> (1) *specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could*; and
>
> (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

Fed. R. Civ. P. 33(d) (emphasis added). In other words, Defendants may not simply point to the 10,000 plus documents produced by DPS and expect Plaintiffs to dig out the interrogatory answers. The Federal Rules require that each interrogatory be answered "separately and fully." Fed. R. Civ. P. 33(b)(3). This requirement has been interpreted to exclude answering by reference to other documents such as pleadings, depositions, or other discovery responses. *See Anderson v. Caldwell Cnty. Sheriff's Office*, No. 1:09-CV-423, 2011 WL 2414140, at *4 (W.D.N.C. June 10, 2011) (citations omitted). If Defendants wish to invoke the option to produce business records (or to rely on business records produced by DPS) in response to Plaintiffs' interrogatories, they must comply with Rule 33(d). [5] Thus, for the purpose of this motion, the court will only consider each disputed discovery request and Defendants' responses thereto.

---

[5] The court notes that any overlap between the DPS production and Plaintiffs' discovery requests is not apparent from the description of documents produced by DPS. This further evidences the need for Defendants to comply with Rule 33(d) to the extent they intend to rely on the DPS production in supplementing their responses to Plaintiffs' discovery requests.

     i.      Interrogatory No. 2 states:

> Identify any and all liability insurance policies, including any "umbrella" or "excess" policies, in effect at the time of the incident that might apply to defendant's potential liability for damages awarded in this lawsuit, and state, for each policy listed:
> a. the name and address of the insurer,
> b. the policy number,
> c. the type of policy,
> d. the identity of the named insured, and
> e. the limits of liability insurance coverage available.

[DE-117-1]. Defendants Hall, Britt, Ward, Burney, Murphy, Holland, Marks, Outlaw, Sanchez, and K. Jones each responded: "Objection. Without waiver, Defendant [] states that at all relevant times herein, there is sufficient insurance coverage in effect to cover any foreseeable judgment in this matter." [DE-118-1]. This response lacks any specific objection and does not answer the interrogatory as propounded. Accordingly, Defendants Hall, Britt, Ward, Burney, Murphy, Holland, Marks, Outlaw, Sanchez, and K. Jones shall supplement their responses to fully answer Interrogatory No. 2 by no later than **December 20, 2017**.

     ii.     Interrogatory No. 3 states:

> Provide the name and contact information of each individual including, but not limited to, your employees or agents or work colleagues, whom you believe or contend has or is likely to have any information that relates in any way to the facts or claims alleged in the Complaint or your Answer without regard to whether it is admissible under the Federal Rules of Evidence or whether you intend to attempt to rely upon it in your defense. For each such person provide contact information to include current phone number, home address, work address, employer from January 2011 to December 2012, job title from January 2011 to December 2012, current employer, current job title, and summarize the information you believe each person possesses.

[DE-117-1]. Defendants Hall, Britt, Ward, Burney, Murphy, Holland, Marks, Outlaw, Sanchez, and K. Jones each responded: "Objection. Overly broad, unduly burdensome. Without waiver,

Defendant [] states the Plaintiffs and co-Defendants listed in the style of the case likely have information relating to the facts or claims alleged in the Complaint. Discovery is ongoing, and Defendant [] reserves the right to supplement this answer at a later date." [DE-118-1]. The objections stated are boilerplate and insufficient to carry the burden of demonstrating why the discovery sought should be denied. Further, the information sought here is routine and should be readily available to Defendants. The response does not fully answer the interrogatory, which addresses individuals with knowledge relating to these Defendants' Answers, as well as the facts alleged in the Complaint, and requests contact information. To respond by referring Plaintiffs to the case caption is effectively a failure to respond. Accordingly, Defendants Hall, Britt, Ward, Burney, Murphy, Holland, Marks, Outlaw, Sanchez, and K. Jones shall supplement their responses to fully answer Interrogatory No. 3 by no later than **December 20, 2017**.

    iii.    Interrogatory No. 4 states:

> Identify any and all social networking sites (i.e.: Facebook, Twitter, You Tube, etc.) of which you are a member, have utilized or accessed from January 1, 2011, to the present, including the name, physical address, internet address, each and every user name, screen name, e-mail address or alias utilized by you and the passwords affiliated with the account.

[DE-117-1]. Defendants Hall, Britt, Ward, Burney, Murphy, Holland, Marks, Outlaw, Sanchez, and K. Jones each responded: "Objection. Not reasonably calculated to lead to the discovery of admissible evidence. Without waiver, Discovery is ongoing, and Defendant [] reserves the right to supplement this answer at a later date." [DE-118-1]. The objection lacks merit. The amendments to the Federal Rules of Civil Procedure that went into effect in December 2015 deleted the "reasonably calculated" language from Rule 26. The rule now provides that "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or

8

defense and proportional to the needs of the case" and "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The court finds the request to be within the scope of discovery. Accordingly, Defendants Hall, Britt, Ward, Burney, Murphy, Holland, Marks, Outlaw, Sanchez, and K. Jones shall supplement their responses to fully answer Interrogatory No. 4 by no later than **December 20, 2017**.

    iv.    Interrogatory No. 5 states:

> Identify each and every document, including any handwritten, typed, or electronic data kept in any electronic form, to include but not limited to emails, text messages, .pst files, .pdf files, or any Microsoft Office documents or any similar word processor software upon which you have based any part of your Answer, any defense you have or may raise to the allegations in the Complaint at trial, or any response to a discovery request in any way.

[DE-117-1]. Defendants Hall, Ward, Burney, Marks, Outlaw, Sanchez, and K. Jones responded: "Objection to the extent this interrogatory seeks the identification of documents protected by work product or attorney-client privileges. Further, this interrogatory is overly broad, unduly burdensome, and not reasonably limited in time or scope." [DE-118-1]. Defendant Murphy responded with the above objection, but also added that "[w]ithout waiver, Defendant Murphy states that he is in possession of a copy of the statement he wrote once these allegations became known and I had spoken to federal attorneys about [m]y involvement with the road squad during that time." *Id.* Defendant Holland responded with the above objection, but also added that "[w]ithout waiver, Defendant Holland states that he is in possession of handwritten notes taken from interviews that were conducted of Officers Anthony Jackson and David Jones, Incident Report #4345-11-00276." *Id.*

9

It is unclear from the response whether Defendants Hall, Ward, Burney, Murphy, Holland, Marks, Outlaw, Sanchez, K. Jones have withheld responsive documents on the basis of privilege. If so, they must provide a privilege log in conformity with Fed. R. Civ. P. 26(b)(5), and if not they should so clarify. The other objections are boilerplate and insufficient to carry the burden of demonstrating why the discovery sought should be denied. Furthermore, this type of discovery request is routine. Accordingly, Defendants Hall, Ward, Burney, Marks, Outlaw, Sanchez, and K. Jones shall supplement their responses to fully answer Interrogatory No. 5 and/or to provide a privilege log, as necessary, by no later than **December 20, 2017**.

v.      Interrogatory No. 7 states:

List any litigation in which you have ever been a party in any capacity, either as plaintiff, defendant, fact witness, treating physician, or expert witness, including the jurisdiction (state or federal), file number and case caption, the parties involved, whether it was a criminal or civil action, what your role was in the matter, the outcome, and identify any documents related to your response to this Interrogatory.

[DE-117-1]. Defendants Hall, Britt, Ward, Burney, Murphy, Marks, Outlaw, Sanchez, and K. Jones responded: "Objection. Overly broad, unduly burdensome, not reasonably limited in time or scope, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiver, Discovery is ongoing, and Defendant [] reserves the right to supplement this answer at a later date." [DE-118-1]. Defendant Holland responded with the above objection, but also added that "[w]ithout waiver, Defendant Holland states this is the only litigation he has been involved in." *Id.* The objections lodged are boilerplate and insufficient to carry the burden of demonstrating why the discovery sought should be denied. Furthermore, this type of discovery request is routine and the information should be readily available to each Defendant. Despite

10

Defendant Holland's objections, he responded to the interrogatory and the court finds the response sufficient. However, the responses of Defendants Hall, Britt, Ward, Burney, Murphy, Marks, Outlaw, Sanchez, and K. Jones are insufficient and they shall supplement their responses to fully answer Interrogatory No. 7 by no later than **December 20, 2017**.

vi.    Interrogatory No. 8 states:

List all crimes you have ever been arrested for or charged with, including the crimes charged, the date charged, the jurisdiction (federal or state) charged in, the final outcome of the charges, the punishment (confinement, restitution, etc.), if any, for each charge, the result of any probation or parole, the amount of restitution originally ordered and the amount, if any, actually paid, expressed in total amounts and monthly increments or payments, and identify any documents related to your response to this Interrogatory.

[DE-117-1]. Defendant Hall responded: "Objection. Overly broad, unduly burdensome, not reasonably limited in time or scope, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiver, Defendant Hall states that discovery is ongoing, and he reserves the right to supplement this answer at a later date." [DE-118-1]. The objections lodged are boilerplate and insufficient to carry the burden of demonstrating why the discovery sought should be denied. Furthermore, this type of discovery request is routine and the information sought should be readily available to Defendant Hall. Accordingly, the response of Defendants Hall is insufficient and he shall supplement his response to fully answer Interrogatory No. 8 by no later than **December 20, 2017**.

vii.    Interrogatory No. 9 propounded to Defendant Hall states:

Describe your role with the Sampson County Correctional road squad from January 1, 2011, through December 31, 2012, including but not limited to all of your job responsibilities, the name and position of your supervisors, anyone you supervised, the extent of your interaction with the prisoners on the road squad, whether and how often you were involved with searching members of the road

11

squad or the road squad bus, how your role changed over time and why, and any adverse employment actions or penalties, when each such action occurred, and identify any documents related to your response to this Interrogatory. Identify why you were placed on paid administrative leave in 2012, as well as identifying why you left your employment with the prison, and identify any documents related to your response to this Interrogatory.

[DE-117-1]. Defendant Hall responded that "discovery is ongoing, and he reserves the right to supplement this answer at a later date." [DE-118-1]. Defendant Hall lodged no objection to this request and the information sought should be within his knowledge and readily available to him. Defendant Hall should have fully responded to this interrogatory within the time allowed or requested an extension of time if needed. Accordingly, Defendant Hall's response is insufficient and he shall supplement his response to fully answer Interrogatory No. 9 by no later than **December 20, 2017**.

     viii.     Interrogatory No. 9 propounded to Defendants Britt, Marks, Outlaw, and Sanchez states:

Describe your role with the Sampson County Correctional road crew from January 1, 2011, through December 31, 2012, including but not limited to all of your job responsibilities, the name and position of your supervisors, anyone you supervised, the extent of your interaction with the prisoners on the road crew, whether and how often you were involved with searching members of the road crew or the road crew bus, how your role changed over time and why, and any adverse employment actions or penalties, when each such action occurred, and identify any documents related to your response to this Interrogatory.

[DE-117-1]. Defendant Britt responded: "Objection. Without waiver, Defendant Britt states that he worked a couple of times as lead officer on the road squad from January 2011 through December 31, 2012." [DE-118-1]. Defendant Marks responded that "discovery is ongoing, and he reserves the right to supplement this answer at a later date." *Id.* Defendant Outlaw responded: "Objection. Without waiver, Defendant Outlaw states that he checked inmates out of

intake on to the road squad bus and when they returned, he checked them back in." *Id.*
Defendant Sanchez responded: "Objection. Without waiver, Defendant Sanchez states he was
never part of the road crew. As an officer assigned to the yard, he was tasked with searching
inmates entering and exiting the compound." *Id.*

The objections of Defendants Britt, Outlaw, and Sanchez are conclusory and insufficient
to carry the burden of demonstrating why the discovery sought should be denied. Additionally,
their substantive responses do not fully answer the interrogatory and, thus, are insufficient.
Defendant Marks lodged no objection to this request and the information sought should be within
his knowledge and readily available to him. Defendant Marks should have fully responded to
this interrogatory within the time allowed or requested an extension of time if needed and, thus,
his response is insufficient. Accordingly, Defendants Britt, Marks, Outlaw, and Sanchez shall
supplement their responses to fully answer Interrogatory No. 9 by no later than **December 20,
2017**.

    ix.    Interrogatory No. 10 states:

> Explain why you believe Superintendent Lafayette Hall left his employment with
> the prison in December 2012, including but not limited to any rumors you may
> have heard, anything anyone employed by the Department of Public Safety may
> have told you, or any other source, and identify any documents related to your
> response to this Interrogatory.

[DE-117-1]. Defendant Britt responded: "Objection. This request seeks information that is
neither relevant nor likely to lead to the discovery of admissible evidence. Without waiver,
Defendant Britt states that he does not know the circumstances surrounding Superintendent
Lafayette Hall's departure from the NCDPS." [DE-118-1]. Defendant Marks responded that
"discovery is ongoing, and he reserves the right to supplement this answer at a later date." *Id.*

13

Defendant Ward responded: "Objection. Not reasonably calculated to lead to the discovery of admissible evidence. Without waiver, I am only aware that he had enough years with the department and was eligible for retirement." *Id.*

The objections of Defendants Britt and Ward as to relevance are overruled, and their substantive responses do not fully answer the interrogatory and, thus, are insufficient. Defendant Marks lodged no objection to this request and the information sought should be within his knowledge and readily available to him. Defendant Marks should have fully responded to this interrogatory within the time allowed or requested an extension of time if needed and, thus, his response is insufficient. Accordingly, Defendants Britt, Marks, and Ward shall supplement their responses to fully answer Interrogatory No. 10 by no later than **December 20, 2017**.

    x.    Interrogatory No. 11 states:

> Identify all violations of DPS policy or prison policy related to the road [squad/crew] and committed by any employee of the prison from January 1, 2011, to December 31, 2012, including but not limited to naming the policy or rule that was violated, the staff member that violated it, and what punishment or other action was taken, and identify any documents related to your response to this Interrogatory.

[DE-117-1]. Defendants Hall, Burney, Holland, Marks, K. Jones, Britt, Ward, Murphy, and Sanchez each responded: "Objection. Not reasonably calculated to lead to the discovery of admissible evidence. Without waiver, Defendant [] states [he is] not aware of any violation of NCDPS policy at any relevant time herein other than the alleged misconduct in this case committed by Officers Anthony Jackson and David Jones." [DE-118-1]. Defendant Outlaw responded: "Objection. Not reasonably calculated to lead to the discovery of admissible evidence. Without waiver, Defendant Outlaw states I do not know as I was not there. I was

14

never on the road squad, and I am not [a road] squad supervisor." *Id.* The objection raised is not proper, as explained above, and the substantive responses do not fully answer the interrogatory. Accordingly, Defendants Hall, Burney, Holland, Marks, K. Jones, Britt, Ward, Murphy, Sanchez, and Outlaw shall supplement their responses to fully answer Interrogatory No. 11 by no later than **December 20, 2017**.

xi.     Interrogatory No. 12 propounded to Defendant Hall states:

> Explain why you did not investigate the presence of rubber gloves and ointment being found on the road squad bus, and reports of packages of contraband being left at or thrown at the road squad bus, including but not limited to why the road squad was allowed to continue to leave the prison to work, why the guards supervising the road squad were never investigated prior to June 2012, and how all reports of misconduct related to the road squad were handled prior to June 2012, and identify any documents related to your response to this Interrogatory.

[DE-117-1]. Defendant Hall responded that "discovery is ongoing, and he reserves the right to supplement this answer at a later date." [DE-118-1]. Defendant Hall lodged no objection to this request and the information sought should be within his knowledge and readily available to him. Defendant Hall should have fully responded to this interrogatory within the time allowed or requested an extension of time if needed and, thus, his response is insufficient. Accordingly, Defendant Hall shall supplement his response to fully answer Interrogatory No. 12 by no later than **December 20, 2017**.

xii.    Interrogatory No. 12 propounded to Defendants Britt, Ward, Murphy, Marks, Outlaw, and Sanchez, and Interrogatory No. 13 propounded to Hall, Burney, Holland, and K. Jones state:

> List the name of the financial institution, address of the financial institution, and account number for all bank accounts in your name as either the primary account holder or a joint account holder held at any financial institution from January 1, 2011 through December 31, 2012.

15

[DE-117-1]. Defendants Britt, Ward, Murphy, Marks, Outlaw, Sanchez, Hall, Burney, Holland, and K. Jones each responded: "Objection. Not reasonably calculated to lead to the discovery of admissible evidence. Without waiver, Defendant [] does not agree to disclose any personal financial information, including financial institution or account number, for any of his own personal bank accounts." [DE-118-1]. In the letter outlining Plaintiffs' perceived deficiencies in Defendants' discovery response, Plaintiffs indicated they would be agreeable to Defendants providing "appropriately redacted bank statements for the requested date range," which would be subject to the protective order already in place. [DE-117-3].

The objection lodged is not proper, as explained above, and the answers are not responsive to the interrogatory. Plaintiffs have alleged that Defendants were engaged in, or should have been aware of, a contraband smuggling operation from which certain Defendants reaped substantial monetary gain. Compl. [DE-45] ¶¶ 6–9, 65–77. Accordingly, the court finds that Interrogatory No. 12 seeks information within the scope of discovery, and Defendants Britt, Ward, Murphy, Marks, Outlaw, Sanchez, Hall, Burney, Holland, and K. Jones shall either fully respond to the interrogatory or produce responsive, appropriately redacted bank statements by no later than **December 20, 2017**.

    xiii.    Interrogatory No. 13 propounded to Defendant Marks states:

> Explain why you did not investigate the presence of rubber gloves and ointment being found on the road squad bus, and reports of packages of contraband being left at or thrown at the road squad bus, including but not limited to why the road crew was allowed to continue to leave the prison to work, why the guards supervising the road crew were never investigated prior to June 2012, and how all reports of misconduct related to the road crew were handled prior to June 2012, and identify any documents related to your response to this Interrogatory.

16

[DE-117-1]. Defendant Marks responded: "Objection. Not reasonably calculated to lead to the discovery of admissible evidence. Without waiver, Defendant Marks states that discovery is ongoing, and he reserves the right to supplement this answer at a later date." [DE-118-1]. Defendant Marks' objection is not proper, as explained above, and the information sought should be within his knowledge and readily available to him. Defendant Marks should have fully responded to this interrogatory within the time allowed or requested an extension of time if needed and, thus, his response is insufficient. Accordingly, Defendant Marks shall supplement his response to fully answer Interrogatory No. 13 by no later than **December 20, 2017**.

xiv. RFP No. 5 seeks: "Any and all documentation, written or electronic, identified in or related to your responses to interrogatory 5, to the extent not produced in response to prior requests." [DE-117-1]. Defendant Holland responded: "Objection to the extent this request seeks the identification of documents protected by work product or attorney-client privileges. Without waiver, Defendant Holland will supplement this response with handwritten notes taken from interviews that were conducted of Officers Anthony Jackson and David Jones, Incident Report #4345-11-00276." [DE-118-1]. Defendant Murphy responded: "Objection to the extent this request seeks the identification of documents protected by work product or attorney-client privileges. Without waiver, Defendant Murphy will supplement this response with handwritten notes." *Id.* To the extent Defendants Holland and Murphy have not already produced the handwritten notes identified in their responses, they shall do so by no later than **December 20, 2017**.

17

xv.    RFP No. 12 seeks:

> Any and all documents or other tangible materials of any nature whatsoever which you plan to have marked for identification at a deposition or trial, introduce into evidence at a deposition or trial, or about which you plan to question a witness at a deposition or trial.

[DE-117-1]. Defendants Britt, Hall,[6] Ward, Burney, Murphy, Holland, Outlaw, K. Jones, and Marks responded: "Objection. Overly broad, unduly burdensome, premature. Further, Defendant [] is not required to disclose documents or other tangible materials used solely for purposes of impeachment. Without waiver, discovery is ongoing, and Defendant [] reserves the right to supplement this response at a later date." [DE-118-1]. Pursuant to the Federal Rules and Local Civil Rules, documents or other exhibits a party expects to offer at trial are to be provided in the pretrial disclosures that occur at least 28 days before the pretrial conference. Fed. R. Civ. P. 26(a)(3), Local Civil Rule 16.1(b)(1). The court finds no reason to order early disclosure of such documents and, thus, the request for these documents is premature. *See Eshelman v. Puma Biotechnology, Inc.*, No. 7:16-CV-18-D, 2017 WL 2483800, at \*9 (E.D.N.C. June 7, 2017) (citing *Stillwagon v. Innsbrook Golf & Marina, LLC*, No. 2:13-CV-00018-D, 2014 WL 1652562 (E.D.N.C. Apr. 23, 2014); *United States v. Gordon*, No. 4:07-CV-156-D, 2008 WL 1766753 (E.D.N.C. Apr. 17, 2008)). Furthermore, discovery in this case has closed and, as a result, any documents utilized at a deposition would have already been disclosed. Accordingly, no supplementation as to RFP No. 12 is necessary.

---

[6] Plaintiffs identified RFP No. 13 as disputed with respect to Defendant Hall [DE-117] ¶ c, but the requests [DE-117-1], responses [DE-118-1], and Plaintiffs' letter identifying perceived deficiencies [DE-117-3] indicate that it is in fact RFP No. 12 that is in dispute.

18

xvi.    RFP No. 15 seeks:

Records for all cell phone accounts in your name from January 1, 2011 through
December 31, 2012, including, but not limited to text message records, call logs,
billing records, or other documentation of any source, type, or description
concerning or referring to any cell phone accounts in your name.

[DE-117-1]. Defendants Hall, Britt, Ward, Burney, Murphy, Holland, Outlaw, Sanchez, K.

Jones, and Marks responded: "Objection to the extent this request seeks information regarding

any cellular telephone accounts paid for and maintained by NCDPS. Further, this request is not

reasonably calculated to lead to the discovery of admissible evidence.    Without waiver,

Defendant [] states that personal cellular phones were not allowed to be used by correctional

officers while working the road squad." [DE-118-1]. It is unclear why the request, to the extent

it seeks information regarding accounts paid for and maintained by DPS, is objectionable, and

the fact that personal phones were not *allowed* to be used does not mean that they were not used.

The objections are insufficient to carry the burden of demonstrating the discovery sought should

be denied. The court finds the request to be within the scope of discovery, and Defendants Hall,

Britt, Ward, Burney, Murphy, Holland, Outlaw, Sanchez, K. Jones, and Marks shall produce any

responsive documents within their possession, custody, or control, by no later than **December

20, 2017**.

xvii.    All Interrogatories and RFPs propounded to Defendant Jackson.

Defendant Jackson failed to respond to Plaintiffs' discovery requests or the instant

motion to compel and, thus, has failed to comply with his discovery obligations. *See Loftin v.

Nationwide Mut. Ins. Co.*, No. 7:09-CV-118-F, 2010 WL 4117404, at *2 (E.D.N.C. Oct. 18,

2010). Further, having reviewed Plaintiffs' discovery requests, the court finds that they are

19

within the permissible scope of discovery. Accordingly, Plaintiffs' motion to compel is allowed as to Defendant Jackson.

By not responding to Plaintiffs' discovery requests, Defendant Jackson has waived any objections as to their relevance or scope. *See* Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); *Loftin*, 2010 WL 4117404, at *3. However, the court will permit Defendant Jackson to claim privilege (including work product protection) in responding to the discovery requests. However, to do so he must expressly assert it in response to the particular discovery request involved and serve with the responses a privilege log in conformity with Rule 26(b)(5)(A), and a failure to timely comply shall be deemed a waiver of the privilege otherwise claimed. Therefore, subject to valid claims of privilege, Defendant Jackson shall serve on Plaintiffs by no later than **December 20, 2017,** complete responses to Plaintiffs' interrogatories and requests for production of documents.

## B.      Defendants' Motion to Compel [DE-136]

Defendants seek an order compelling Plaintiffs to respond to Defendants' First Set of Interrogatories and Requests for Production of Documents. [DE-136]. Defendants assert they served the written discovery at issue on August 10, 2017, Plaintiffs failed to respond to the discovery requests, and Plaintiffs' counsel failed to respond to Defendants' counsel's November 1, 2017 letter regarding the status of Plaintiffs' responses.[7] [DE-137]. Plaintiffs responded to

---

[7] As explained above, counsel's failure to respond is a failure to engage in "a good faith effort to resolve discovery disputes prior to the filing of any discovery motions" as required by Local Civil Rule 7.1(c)(2) and Fed. R. Civ. P. 37(a)(1). Further, the directive of the Case Management Order that "[p]rior to any filing [of any motion to compel], the complaining party shall convene a conference among the parties and this court by telephone through the office of the case manager," [DE-104] § II.D, was not followed.

the motion, asserting that Defendants' discovery requests were untimely because they did not allow Plaintiffs sufficient time to respond prior to the close of discovery. [DE-144].

The Federal Rules of Civil Procedure provide that a responding party has 30 days to provide a written response after being served with a request for production or an interrogatory. Fed. R. Civ. P. 33(b)(2); 34(b)(2). Local Civil Rule 26.1(b) provides that "[a]ll discovery shall be served so as to allow the respondent sufficient time to answer prior to the time when discovery is scheduled to be completed." Thus, while a discovery request might be served prior to the close of discovery, it is untimely if it does not allow for a response prior to the discovery deadline.

Here, the court's May 23, 2017 order extending the discovery deadline to September 8, 2017, expressly stated that "[a]ll discovery shall be served in time to be completed by this date." [DE-114].[8] Defendants contend the discovery requests were served on August 10, 2017, and, therefore, any response would have been due on Monday, September 11, 2017,[9] which is outside the discovery period. Fed. R. Civ. P. 6(a)(1)(C); 33(b)(2); 34(b)(2); *see White v. Caterpillar Logistics Inc.*, No. 5:13-CV-684-F, 2014 WL 4384042, at *2 (E.D.N.C. Sept. 3, 2014) (denying plaintiff's motion to compel discovery responses that fell due after the discovery deadline); *Buckner v. United Parcel Serv., Inc.*, No. 5:09-CV-00411-BR, 2012 WL 1134915, at *1 (E.D.N.C. Apr. 4, 2012) (same), *aff'd*, 489 F. App'x 709 (4th Cir. Nov. 26, 2012). Accordingly, Defendants' discovery requests were untimely, and the motion to compel is denied.

---

[8] The court's September 7, 2017 order extended the discovery deadline to October 8, 2017, but the parties' request for the extension was "for the limited purpose of taking depositions" and, thus, did not extend the deadline for written discovery. [DE-128, -131].

[9] The date 30 days after service, September 9, 2017, fell on a Saturday and was extended by Rule 6(a) to the following Monday, September 11, 2017, both dates outside the discovery period.

21

## IV. CONCLUSION

For the reasons stated above, Plaintiffs' motion is allowed in part and denied in part [DE-117], and Defendants' motion is denied [DE-136].

SO ORDERED, the 7th day of December 2017.

Robert B. Jones, Jr.
United States Magistrate Judge